Matter of Graesser v Erie County Children's Servs. (2025 NY Slip Op 00738)

Matter of Graesser v Erie County Children's Servs.

2025 NY Slip Op 00738

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

8 CAF 23-01480

[*1]IN THE MATTER OF LAURIE GRAESSER, PETITIONER-APPELLANT,
v
ERIE COUNTY CHILDREN'S SERVICES, RESPONDENT-RESPONDENT. 

LAURIE GRAESSER, PETITIONER-APPELLANT PRO SE. 
JAMES M. CHERNETSKY, BUFFALO, FOR RESPONDENT-RESPONDENT. 
MELISSA A. CAVAGNARO, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered July 31, 2023, in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In a prior proceeding pursuant to Social Services Law § 384-b, Family Court terminated the parental rights of the mother with respect to the subject child on the ground of mental illness and placed the child in the custody and guardianship of Erie County Department of Social Services (DSS) (Matter of Landin F. [Jodi G.], 222 AD3d 1405 [4th Dept 2023], lv denied 41 NY3d 909 [2024]). Thereafter, petitioner, who is the child's biological maternal grandmother, commenced this proceeding pursuant to Family Court Act article 6 seeking custody of the child. The court dismissed the petition with prejudice, and we now affirm.
Contrary to petitioner's contention, the court properly dismissed the petition without conducting a hearing. Inasmuch as the court terminated parental rights and committed the child's custody and guardianship to DSS thereby freeing the child for adoption, adoption became the sole and exclusive means to gain care and custody of the child, and the court was " 'without authority to entertain custody . . . proceedings commenced by a member of the child's [extended] family' " (Matter of Amber W. v Erie County Children's Servs., 185 AD3d 1445, 1446 [4th Dept 2020]; see Social Services Law § 384-b [10], [11]; Matter of Mirely M. v Wilbert L., 221 AD3d 1227, 1228-1229 [3d Dept 2023]; Matter of Mu'Min v Mitchell, 19 AD3d 1116, 1117 [4th Dept 2005]). Petitioner's "recourse was to seek adoption, and not mere custody, of the . . . child" (Matter of Boyd v Westchester County Dept. of Social Servs., 149 AD3d 1069, 1070 [2d Dept 2017]; see Amber W., 185 AD3d at 1446).
We have considered petitioner's remaining contention and conclude that it is without merit.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court